NOT DESIGNATED FOR PUBLICATION

No. 114,994

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DEWEY GAITHER,
*Appellant,*

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed March 10, 2017. Affirmed.

*Michael P. Whalen* and *Krystle M.S. Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., ATCHESON, J., and STUTZMAN, S.J.

STUTZMAN, J.: In July 2013, Dewey Gaither filed a motion for relief under K.S.A. 60-1507. The motion was his second request for relief under that section and, for reasons discussed below, the district court entered a summary dismissal. Gaither appealed and a panel of this court held that summary dismissal was justified for all claims but one—ineffective assistance of K.S.A. 60-1507 counsel—and remanded the case to the district court for proceedings on that issue. The district court appointed counsel for Gaither, heard argument on the issue, found no basis for a hearing on the merits, and again denied

the motion. Gaither appealed, and he presents as the sole issue the district court's denial of an evidentiary hearing on his second K.S.A. 60-1507 motion. Since we find no error in the district court's action, we affirm.

FACTS AND PROCEDURAL BACKGROUND

Dewey Gaither was convicted by a jury in Sedgwick County of attempted first-degree premeditated murder, felony murder, aggravated robbery, aggravated kidnapping, and felony obstruction of justice. A review of the facts underlying the convictions was included in the decision from Gaither's direct appeal, and the issue before us does not require their repetition. See *State v. Gaither*, 283 Kan. 671, 156 P.3d 602 (2007) (*Gaither I*). The Supreme Court affirmed his convictions and sentence, rejecting Gaither's claims of judicial misconduct, improper joinder of the separate criminal counts, improper admission of various types of evidence, errors in the instructions, cumulative error, and imposing a sentence based in part on criminal history that had not been proven to a jury beyond a reasonable doubt. 283 Kan. 671.

Following his direct appeal, Gaither filed a timely motion under K.S.A. 60-1507 alleging ineffective representation by his trial and appellate counsel. After a preliminary hearing, the district court denied that motion and Gaither appealed. A panel of this court affirmed the dismissal of that motion. *State v. Gaither*, No. 103,080, 2011 WL 4440185, at *4 (Kan. App. 2011) (unpublished opinion) (*Gaither II*). The issues considered by the panel in that appeal were whether trial counsel was ineffective for failing to pursue a theory of defense-of-another with respect to the attempted first-degree murder charge, and for failing to request specific findings of fact and conclusions of law for the denial of his motion for severance of the charges he faced. *Gaither II*, 2011 WL 4440185, at *3-7.

While *Gaither II* was pending, Gaither filed a motion for DNA testing under K.S.A. 21-2512, which was denied by the district court. He appealed that ruling and a

2

panel of this court affirmed the denial of that motion. *State v. Gaither*, No. 103,232, 2011 WL 588509, at *2-3 (Kan. App. 2011) (unpublished opinion) (*Gaither III*).

In July 2013, Gaither filed another motion under K.S.A. 60-1507. Gaither alleged his trial counsel, his counsel on direct appeal, and counsel for his first motion under K.S.A. 60-1507 were all ineffective for a variety of reasons. He also argued that the ineffectiveness of his first postconviction counsel created exceptional circumstances permitting the court to entertain the new motion. This second motion pursuant to K.S.A. 60-1507 was summarily denied by the district court on the basis that Gaither had "failed to assert with any specificity grounds for his allegations of ineffective assistance of counsel."

Gaither timely appealed from that ruling. In his brief, Gaither claimed his original K.S.A. 60-1507 counsel was ineffective because he did not raise all the issues Gaither had set out in his pro se motion. He claimed that had his counsel raised all the issues, the district court would not have dismissed his challenges to the actions of his trial and appellate attorneys. *Gaither v. State*, No. 110,762, 2015 WL 423796, at *2 (Kan. App. 2015) (unpublished opinion) (*Gaither IV*). In its brief, the State seemed to concede that the district court erred in finding Gaither's second motion lacked sufficient specificity to state claims. The State strongly argued, however, that Gaither's second motion was both untimely and successive and contended this court should affirm the district court's decision because it was correct for those reasons. *Gaither IV,* 2015 WL 423796, at *2.

The panel held that Gaither's motion was not timely, having been filed more than a year following the mandate from his direct appeal, which placed the burden on Gaither to show extension of the deadline was necessary to avoid manifest injustice. Further, the panel found the clarified "totality of the circumstances" standard set forth in *Vontress v. State*, 299 Kan. 607, 325 P.3d 1114 (2014), applied to Gaither's case as the framework to decide the manifest injustice question. Since neither party had discussed the application

3

of *Vontress* before the district court or in their appellate briefs and the district court had made no findings on the timeliness of the motion, the panel found itself without a basis for appellate review. It also noted a potential unresolved issue concerning waiver by the State of an untimeliness defense to the motion. *Gaither IV*, 2015 WL 423796, at *4-5.

Gaither's second motion also asserted that his claim of ineffective assistance by his first K.S.A. 60-1507 counsel was an exceptional circumstance that justified consideration despite the successive claims provisions of K.S.A. 60-1507(c) and Supreme Court Rule 183 (2017 Kan. S. Ct. R. 222), as it could not have been raised in his first motion. However, Gaither offered no exceptional circumstances to support review of the ineffectiveness claims directed to his trial and appellate counsel, and the panel concluded those claims were successive and subject to summary dismissal. Since the district court had not addressed the successive claims question for Gaither's allegation that his prior K.S.A. 60-1507 counsel was ineffective, the panel remanded the case to the district court for findings and conclusions on that question as well as timeliness. If the district court decided the timeliness and successive claim issues in Gaither's favor, finding both manifest injustice and exceptional circumstances, that court was then directed to consider the claim on the merits. *Gaither IV,* 2015 WL 423796, at *5.

On remand, the district court considered Gaither's remaining claim on June 1 and August 12, 2015. After considerable argument and discussion by counsel and the court, the scope of the issues was defined. Gaither's new appointed counsel contended the preceding K.S.A. 60-1507 counsel had dropped from his pretrial questionnaire some of the issues Gaither included in his pro se filing, removing them from the court's consideration. He also argued that for those of Gaither's claims his counsel did assert, he failed to do so in the way Gaither wanted. Specifically, he contended issues one and five from Gaither's pro se motion were omitted from the pretrial questionnaire submitted for that first K.S.A. 60-1507 motion, with specific attention to the self-defense argument that

4

Gaither asserts was not effectively raised by his counsel at the first K.S.A. 60-1507 hearing.

In its journal entry, the district court found an evidentiary hearing was not warranted. Addressing the ineffectiveness claims against Gaither's former K.S.A. 60-1507 counsel, the district court found that "[e]ven if the allegations were taken at face value, movant failed to establish objectively unreasonable representation and prejudice." Gaither timely appealed from that ruling, which again returns the issue to this court.

ANALYSIS

Gaither contends the district court erred in again denying without an evidentiary hearing his ineffective assistance of counsel claim concerning his first K.S.A. 60-1507 motion. He argues his motion was timely because it was signed within 1 year of the mandate issued in the appeal that denied that first motion. Alternatively, should we reject that argument and find the motion untimely, he contends failure to consider his untimely motion would result in manifest injustice because of his counsel's ineffectiveness.

*Standard of review*

More than a bare allegation is necessary to obtain the relief Gaither seeks, as noted by the Kansas Supreme Court in *State v. Sprague*, 303 Kan. 418, 362 P.3d 828 (2015):

> "The burden is on the movant to show a claim of ineffective assistance of counsel warrants an evidentiary hearing. '[T]he movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record.' [Citation omitted]." 303 Kan. at 425.

The Supreme Court further stated the basis for assessing fulfillment of that burden:

5

"In determining whether that burden has been met, a district court has three options:

"'First, the court may determine that the motion, files, and records of the case conclusively show that the movant is entitled to no relief and summarily deny the movant's motion. Second, the court may determine from the motion, files, and record that a substantial issue or issues are presented, requiring a full evidentiary hearing with the presence of the movant. Finally, the court may determine that a potentially substantial issue or issues of fact are raised in the motion, supported by the files and record, and hold a preliminary hearing after appointment of counsel to determine whether in fact the issues in the motion are substantial. In the event the court determines that the issue or issues are not substantial, the court may move to a final decision without the presence of the movant. If the issue or issues are substantial, involving events in which the movant participated, the court must proceed with a hearing in the presence of the movant.' [Citation omitted]." 303 Kan. at 425.

Although on remand the district court appointed counsel for Gaither and held a hearing to determine whether there were substantial issues of fact requiring an evidentiary hearing, only the statements and argument of counsel were given, and no evidence was presented. Because the district court based its decision on the files and record and counsel's arguments, our review is de novo, as it would be for a summary decision made without a hearing and statements from counsel. See *McCaslin v. State*, No. 108,847, 2013 WL 6164538, at *3 (Kan. App. 2013) (unpublished opinion), *rev. denied* 300 Kan. 1104 (2014).

*Discussion*

As we noted above, the panel's decision remanding this case to the district court concluded that summary dismissal of the claims for ineffectiveness of trial and appellate counsel was justified. Our review, therefore, is limited to Gaither's claim that his prior K.S.A. 60-1507 counsel also was ineffective.

6

K.S.A. 60-1507(f) sets the time limit for filing a motion under that section:

"(1) Any action under this section must be brought within one year of:

(i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or

(ii) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition."

The general rule is that courts should not consider repeated motions for similar relief. "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 60-1507(c). In certain circumstances, however, the prohibition of the rule may be avoided:

"A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal." Supreme Court Rule 183(c)(3) (2017 Kan. S. Ct. R. 223).

The mandate from the Supreme Court on Gaither's direct appeal issued on May 22, 2007. Gaither filed his second K.S.A. 60-1507 motion on July 5, 2013, which the panel found to be out of time. Under the provisions of K.S.A. 60-1507, the time for filing a motion may only be extended to prevent manifest injustice. K.S.A. 60-1507(f)(2).

Gaither argues that, in fact, his motion was timely filed. He bases that claim on an opinion of a panel of this court in *Wilson v. State*, No. 112,558, 2015 WL 8590325 (Kan. App. 2015) (unpublished opinion), which also addressed the denial of a second K.S.A. 60-1507 motion. That panel assumed for its purposes in that appeal that a K.S.A. 60-1507 claim for ineffectiveness of counsel on a prior habeas motion may be filed within 1 year

7

of the mandate from that prior case. A different panel of this court, called upon to decide the question specifically, was unprepared to accept that reading of the statute. See *Overton v. State*, No. 111,181, 2015 WL 1636732 (Kan. App. 2015) (unpublished opinion) ("direct appeal" in K.S.A. 60-1507(f) refers to appeal from judgment of conviction, not appeal of habeas corpus challenge), *rev. denied* 302 Kan. 1011 (2015). According to Gaither's argument, the mandate denying his appeal of the first K.S.A. 60-1507 motion issued on May 22, 2012, giving him until May 22, 2013, to file his claim of ineffectiveness by that counsel. An apparent hurdle, however, is that his second motion was not filed with the district court until July 5, 2013.

In an attempt to overcome that problem, Gaither asserts a variant of what is sometimes referred to as the prison mailbox rule. See *Wahl v. State*, 301 Kan. 610, 615, 344 P.3d 385 (2015) (rule deems pro se documents filed when submitted to prison authorities for mailing). The variant he argues is not that his motion was delivered by May 22, 2013, to prison officials for mailing, but that the motion was subscribed and sworn before a notary at the prison on May 13, 2013. We reject that strained and unsupported argument. Gaither failed to point to any authority for his position, and he offered neither an explanation for the 6-week delay between the notarization and filing with the court, nor any claim about when he delivered the motion to prison authorities for mailing. Even assuming, for this analysis, that Gaither had 1 year from the mandate on his first K.S.A. 60-1507 appeal, rather than 1 year from the mandate on his direct appeal as required by K.S.A. 60-1507(f), the motion was not timely filed and should not be considered absent a showing by Gaither of manifest injustice.

Our Supreme Court outlined the basis to be used in analyzing claims of manifest injustice in *Vontress*, 299 Kan. at 616:

> "[C]ourts conducting a manifest injustice inquiry under K.S.A. 60-1507(f)(2) should consider a number of factors as a part of the totality of the circumstances analysis. This

8

nonexhaustive list includes whether (1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.,* factual, not legal, innocence.

"All of the factors considered under the totality of the circumstances need not be given equal weight, and no single factor is dispositive."

Concerning the first *Vontress* factor, Gaither advances no reasons or circumstances, persuasive or not, that might have prevented him from a timely filing of his second motion.

The second *Vontress* factor requires us to consider whether the claims raise some substantial issues of law or fact, a finding the district court did not find justified. On remand, Gaither identified issues one and five of his second pro se motion for the district court's consideration. Issue one argued that ineffective assistance of counsel constituted an exceptional circumstance, because on the first K.S.A. 60-1507 motion his counsel failed to raise all the issues he included in his pro se motion, and failed to familiarize himself with the evidence and facts supporting those issues. Issue five again asserted that prior counsel failed to pursue the issues he raised in his pro se motion. The pretrial questionnaire, as submitted by his first postconviction counsel, asserted his trial counsel was ineffective in eight areas. In his remarks from the bench, the district judge commented that, "Mr. Gaither is trying to bring new life into the original trial through an effort to reargue things that should have been argued at court and that were taken up on appeal where he's addressing issues of strategy—trial strategy and method." We agree.

The thrust of Gaither's motion is that, if only his prior K.S.A. 60-1507 counsel had studied his pro se issues and presented them in the way Gaither wanted them argued, a different result would have been obtained. There is no support for that supposition. In the "Arguments & Authorities" section of his pro se motion, Gaither focused considerable

9

attention on his defense-of-another argument and the issue of premeditation. The defense-of-another contention was reviewed and rejected by the panel in *Gaither II*. And identity, rather than lack of premeditation, was the primary theory of defense at the trial, asserting that Gaither was not the shooter. Trial counsel argued that point in closing, cited the discrepancies and inconsistencies in witness testimony and, in discussing the lesser included offense instruction, noted that attempted second-degree murder did not require premeditation.

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish: (1) the performance of his or her counsel was deficient under a totality of the circumstances, and (2) he or she was prejudiced, *i.e.*, that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014). A court's scrutiny of counsel's performance in this circumstance is highly deferential and there is a strong presumption that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 319 P.3d 987 (2014).

Based on the record, presentation of an identity defense was a reasonable trial strategy, falling within the bounds of reasonable professional representation considering all circumstances. Further, electing to present some, but not all, issues on the initial K.S.A. 60-1507 motion, or not arguing them in the way Gaither envisioned, is not ineffective representation. "The failure of counsel to raise an issue on appeal is not, per se, to be equated with ineffective assistance of counsel." *Baker v. State*, 243 Kan. 1, 9, 755 P.2d 493 (1988).

Gaither offers no more than conclusory arguments that submission of any of the omitted claims would have resulted in a different outcome. Considering the factors identified in *Vontress*, none of which is alone dispositive, we find Gaither has shown no

manifest injustice that would result from summary dismissal of his second K.S.A. 60-1507 motion.

Our review also fails to identify exceptional circumstances that would support successive review of the issues Gaither raises. "Successive 1507 motions may be permitted for 'exceptional circumstances which [has been] defined as including' "'unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding'"' [Citations omitted.]" *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013). The district court reviewed Gaither's claims on remand, with the assistance of counsel to identify the issues and arguments for and against an evidentiary hearing. Following that review, the district court found no substantial issues requiring that hearing, and we concur.

Finding no error by the district court, we affirm.