IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 107,934

DUANE WAHL,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

SYLLABUS BY THE COURT

1.

When the district court summarily denies a K.S.A. 60-1507 motion based only on the motion, files, and records, appellate courts exercise de novo review.

2.

A prisoner's delivery of a K.S.A. 60-1507 motion to prison authorities for mailing constitutes a timely filing if delivered within the 1-year time limitation in K.S.A. 60-1507(f)(1).

Review of the judgment of the Court of Appeals in an unpublished opinion filed August 23, 2013. Appeal from Crawford District Court; DONALD R. NOLAND, judge. Opinion filed March 13, 2015. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed, and the case is remanded with directions.

*Janine Cox*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Michael Gayoso, Jr.*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

1

The opinion of the court was delivered by

NUSS, C.J.: Duane Wahl appeals from a Court of Appeals decision affirming the district court's summary denial of his motion for postconviction relief under K.S.A. 60-1507. The lower courts relied on different rationales, but both concluded that procedural bars required summary denial.

We hold the lower courts both relied on erroneous rationales in summarily denying Wahl's 60-1507 motion. Accordingly, we reverse and remand this matter to the district court for further consideration of his claim.

## FACTS AND PROCEDURAL HISTORY

In 2009, the State charged Wahl with first-degree murder. The district court initially appointed Steve Stockard as Wahl's defense counsel. But in early 2010, Stockard withdrew, and the district court appointed Jennifer Brunetti to represent Wahl.

After extensive pretrial proceedings unrelated to this appeal, Wahl pled guilty to one count of first-degree murder. As part of his plea, he admitted the factual basis for the first-degree murder charge. Wahl also joined the State in recommending a hard 25 life sentence, and he expressly waived his right to a direct appeal. As for collateral proceedings, Wahl agreed to the following provision in the plea agreement:

> "Collateral Attack (K.S.A. 60-1507): I understand and have been advised of the remedies that may be available under the provisions of K.S.A. 60-1507, commonly known as post-conviction, post-appeal collateral attack on the validity of a conviction. I understand and agree I am waiving my right to file any proceeding under the provisions of K.S.A. 60-1507 (as well as K.S.A. 60-1501—known as habeas corpus) and such waiver is and has been a part of the consideration for the favorable terms of this plea agreement. *I do further understand that in some limited circumstances, such as a claim of ineffective*

2

*assistance of counsel, a 60-1507 proceeding may be commenced, but must be commenced within one year of final judgment.*" (Emphasis added.)

In exchange for Wahl's guilty plea, the State agreed not to seek a hard 50 life sentence. It also agreed not to file additional charges arising out of the murder and to dismiss pending criminal charges against Wahl in three unrelated cases.

The district court accepted Wahl's guilty plea. On December 9, 2010, it sentenced him to a hard 25 life sentence. Wahl did not file a direct appeal.

A little over a year later, on January 5, 2012, the clerk of the district court received several documents from Wahl. Their certificates of service reveal Wahl signed them "on or about" December 20, 2011. The first document was a pro se 60-1507 motion, which contains only a single allegation:

> "The court was without jurisdiction to impose sentence upon the grounds that defense counsel was prejudice [*sic*] and deficient performance [*sic*] throughout all of the proceedings, that but for defense counsel's errors, there is a reasonable probability that the outcome of the proceeding would have been different; that defense counsel's representation and performance fell below the constitutional requirements garanteed [*sic*] by *Strictland* [*sic*] *v. Washington*, 466 U.S. 668; 80 L. Ed. 2d 674 (1984); *Chamberlain v. State*, 236 Kan. 650; 694 P.2d 468 (1985), and the Sixth Amendment and Fourteenth Amendment to the United States Constitution; that Duane Wahl is actually innocent of murder in the first degree with premeditation, K.S.A. 21-3401."

Wahl's second document received that day was a notice of intent informing the court that "at a later date" Wahl intended to supplement his 60-1507 motion with a pro se memorandum containing facts and legal authorities to support his allegation. The third document received that day was a motion for an evidentiary hearing and oral argument.

That document contained some legal citations, but like the accompanying 60-1507 motion, it contained no facts or allegations specific to Wahl's case.

The district court responded with a letter dated January 6, 2012—the day after the clerk received the three documents from Wahl. The letter ordered him to file his supporting memorandum within 30 days: "The Court is in receipt of your recently filed petition pursuant to K.S.A. 60-1507. Be advised that you are ordered to file your supporting memorandum of law within 30 days of receipt of this letter. No action will be taken on your petition until your brief is filed." Wahl mailed his supporting memorandum and appended affidavit of his sister on January 17, which the district court received on January 26.

Wahl's January 26 supporting memorandum generally argues his representation before trial and during plea negotiations was unconstitutionally ineffective. He first alleges attorney Stockard failed to relay a plea offer from the State that would have permitted Wahl to plead guilty to second-degree murder in exchange for telling the State where he hid the victim's body. He also claims attorney Brunetti told him he should plead guilty to avoid the possibility of a hard 50 life sentence or the death penalty. Wahl's sister's affidavit corroborates his allegations about Brunetti.

After receiving the January 26 supporting memorandum, the district court summarily denied Wahl's 60-1507 motion. It first concluded Wahl had waived the right to file a collateral attack as part of his plea agreement. In the alternative, the court held Wahl's motion was untimely per the1-year time limitation contained in K.S.A. 60-1507(f)(1). And it specifically ruled Wahl failed to demonstrate the manifest injustice required to avoid application of this time limit. See K.S.A. 60-1507(f)(2).

Although a panel of the Court of Appeals ultimately affirmed, it first rejected the district court's rationale. *Wahl v. State*, No. 107,934, 2013 WL 4564823 (Kan. App.

4

2013) (unpublished opinion). Specifically, the panel held the court erred by concluding Wahl had waived his right to file a 60-1507 motion based on the purported ineffective assistance of counsel. It ruled the plea agreement makes an explicit exception for that particular claim.

The panel also held Wahl's initial 60-1507 motion was not time-barred by K.S.A. 60-1507(f)(1). It noted the district court reached this conclusion because that court mistakenly thought the 1-year time limitation started running 10 days after it imposed Wahl's sentence. 2013 WL 4564823, at *3.

But the panel then concluded Wahl's supporting memorandum is time-barred by K.S.A. 60-1507(f)(1). More specifically, the panel concluded the supporting memorandum should be treated as an attempted 60-1507 amendment. And as an amendment, the panel held it did not relate back to his initial, timely-filed 60-1507 motion under Supreme Court Rule 183(e) (2014 Kan. Ct. R. Annot. 285) and *Pabst v. State*, 287 Kan. 1, 25, 192 P.3d 630 (2008). So the panel ultimately affirmed the district court's summary denial because Wahl's initial 60-1507 motion, without benefit of the barred amendment, contained only conclusions and no specific facts or evidence to support his claims for relief. 2013 WL 4564823, at *4.

We granted Wahl's petition for review under K.S.A. 20-3018(b), obtaining jurisdiction under K.S.A. 60-2101(b).

More facts will be added as necessary to the analysis.

5

Issue: *The Court of Appeals and district court relied on erroneous rationales in summarily denying Wahl's 60-1507 motion.*

Wahl generally contends he is entitled to an evidentiary hearing on his ineffective assistance of counsel claim, the details of which are included only in his subsequent supporting memorandum and attendant affidavit of his sister. The State responds that summary dismissal is appropriate because Wahl expressly waived his right to pursue postconviction relief and his 60-1507 motion was untimely and inadequate.

*Standard of review*

When reviewing the summary denial of a 60-1507 motion, we exercise de novo review. *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 (2010) (quoting *Trotter v. State*, 288 Kan. 112, 132, 200 P.3d 1236 [2009]).

*Discussion*

Our de novo review of the lower courts' summary denials requires us to consider each of their varying rationales. We address each rationale in turn.

> a. *The district court erred by concluding Wahl waived his right to file a 60-1507 motion alleging ineffective assistance of counsel.*

The State first argues the district court correctly held Wahl waived his right to file a motion for postconviction relief under K.S.A. 60-1507. The Court of Appeals panel rejected this conclusion, noting Wahl's plea agreement makes a specific waiver exception for ineffective assistance of counsel claims. We agree with the panel.

6

Wahl's plea agreement purports to generally prohibit collateral attacks on his conviction or sentence. But it makes an exception for ineffective assistance of counsel claims. Specifically, the waiver provision provides "that in some limited circumstances, such as a claim of ineffective assistance of counsel, a 60-1507 proceeding may be commenced." As permitted by the plea agreement, Wahl seeks postconviction relief based only on his counsel's purported ineffectiveness. So the district court erred by summarily denying Wahl's 60-1507 motion based on his purported waiver.

>    b.  *The district court erred by concluding Wahl failed to file his 60-1507 motion within the 1-year time limitation in K.S.A. 60-1507(f)(1).*

The State next contends the district court's summary denial was appropriate because Wahl's initial 60-1507 motion was untimely. The panel rejected this conclusion because it was based on the lower court's erroneous belief that the 1-year time limitation started running 10 days after imposition of sentence.

K.S.A. 60-1507(f)(1) provides that a movant must file his or her 60-1507 motion within 1 year of the termination of appellate jurisdiction. Wahl had 14 days to file a notice of appeal after the district court sentenced him on December 9, 2010. See K.S.A. 2010 Supp. 22-3608(c) ("For crimes committed on or after July 1, 1993, the defendant shall have 14 days after the judgment of the district court to appeal."). So Wahl had until December 23, 2010, to file a direct appeal, but he did not do so. Accordingly, the 1-year time limitation in K.S.A. 60-1507(f)(1) started running on December 23, 2010, and Wahl had until December 23, 2011, to file a 60-1507 motion.

Wahl mailed his initial 60-1507 motion on or about December 20, 2011—3 days before his deadline. The State quarrels with the precision of "on or about" as used in his certificates of service, arguing that Wahl is not entitled to rely on December 20 as his filing date because it is ambiguous. But the panel accepted the December 20 filing date

and held his motion satisfied the time limitation in K.S.A. 60-1507(f)(1) under the prison mailbox rule. *Wahl*, 2013 WL 4564834, at *3. This rule deems a prisoner's pro se documents "filed" when he or she submits them to prison authorities for mailing. See *Wilson v. State*, 40 Kan. App. 2d 170, 175, 192 P.3d 1121 (2008) (applying prison mailbox rule to 60-1507 motion); see also *Houston v. Lack*, 487 U.S. 266, 274-76, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (applying prison mailbox rule to habeas petition under 28 U.S.C. § 2254 [2012]).

We agree. Under this rule, we consider Wahl's 60-1507 motion to be filed as of December 20, 2011, especially when the State has presented no evidence to controvert the validity of this date contained in Wahl's certificate of service. Based on this filing date, Wahl's motion was timely under K.S.A. 60-1507(f)(1). Accordingly, the district court erred by summarily denying Wahl's motion as untimely.

> *c. The panel erred by affirming the district court's summary dismissal after treating the supporting memorandum as an untimely amendment.*

Finally, Wahl contends the panel erred in affirming the district court's summary denial by concluding that court was barred from considering his supporting memorandum, which resulted in an inadequate motion. But the State responds the panel was correct to treat the supporting memorandum as an untimely amendment under *Pabst* and Supreme Court Rule 183(e). We agree with Wahl.

When the district court received Wahl's initial 60-1507 motion and accompanying notice of intent to supplement the motion "at a later date," it granted Wahl leave to file his supporting memorandum within 30 days. By the court not denying the initial motion outright as inadequate, its order of extension necessarily implied the court would rule on the motion's merits only after considering a timely-filed memorandum. Despite Wahl's

8

compliance with the court's order, the court then changed course and dismissed his motion.

The panel validated this approach by analogizing Wahl's supporting memorandum to an attempted amendment of the motion. The panel then concluded it was untimely as an amendment under *Pabst*—a case where we held an attempted amendment to a 60-1507 motion under K.S.A. 60-215 relates back to the initial timely filing of the motion only if it asserts additional claims of the same time and type as the original claims. 287 Kan. at 23-25.

But Wahl's supporting memorandum was not an attempted amendment to his initial motion. So *Pabst*'s relation-back test for timeliness is off target. Rather, the supporting memorandum essentially is supplying the entire legal argument section missing from Wahl's initial 60-1507 motion. And because the district court explicitly granted Wahl leave to file that supporting memorandum within 30 days, the panel erred by concluding that the district court could not have considered that document when analyzing Wahl's claim. On the contrary, the district court should have considered the supporting memorandum—whose filing the court allowed—before it disposed of Wahl's motion. Accordingly, the panel erred by affirming the district court's summary denial based on the panel's conclusion that Wahl's supporting memorandum was untimely.

The State makes no claim, and the evidence certainly would not support, that Wahl filed his initial 60-1507 motion and attendant notice of intent in an attempt to game the 1-year time limitation in K.S.A. 60-1507(f)(1). We would disapprove any attempts by prisoners to avoid application of the 1-year time limitation through the timely filing of an inadequate 60-1507 motion simply to "hold open" the time period for making a potentially valid claim for postconviction relief. And we reiterate that the outcome in this case is based on its specific facts—primarily the district court's letter granting Wahl's

9

implicit request to file his supporting memorandum at a later date by directing Wahl to file his memorandum within 30 days.

Because the lower courts' errors precluded a proper consideration of Wahl's claims, the district court must address his 60-1507 motion on remand. Our foregoing discussion is limited to the lower courts' previous rationales, and it should not be construed as expressing any opinion on the merits of Wahl's claims. Instead, the district court should consider Wahl's ineffective assistance of counsel claim as set forth in his supporting memorandum and his sister's affidavit under our familiar framework for 60-1507 motions.

> "When a district court considers a K.S.A. 60-1507 motion, it may: (a) determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (b) determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held after appointment of counsel. If the court then determines there is no substantial issue, the court may deny the motion; or (c) determine from the motion, files, records, or preliminary hearing that there is a substantial issue requiring an evidentiary hearing." *Sola-Morales v. State*, 300 Kan. 875, Syl. ¶ 1, 335 P.3d 1162 (2014).

Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed, and the case is remanded with directions.