NOT DESIGNATED FOR PUBLICATION

No. 112,120

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRY HARRIS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed October 2, 2015. Appeal dismissed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Sheryl L. Lidtke*, chief deputy district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., HILL, J., and TIMOTHY G. LAHEY, District Judge, assigned.


*Per Curiam*:  Terry Harris appeals the trial court's denial of his motion for an order nunc pro tunc to correct his sentence begins date. Harris contends that the trial court erred when it refused to award him additional jail-time credit. The State, however contends that this court lacks jurisdiction to entertain Harris' jail-time credit issue because this issue was considered during his sentencing and because he failed to appeal from the trial court's decision. We agree. Accordingly, we dismiss for lack of jurisdiction.

1

On July 9, 2010, Harris was sentenced in case number 09 CR 1400 for one count of possession of cocaine and one count of possession of marijuana. The trial court imposed the presumptive sentence of 34 months' imprisonment but granted a departure to 12 months' probation. At the time of sentencing, Harris was given credit for 5 jail days.

Harris' probation was revoked on October 14, 2011. The revocation was primarily based on Harris' admission that he had multiple dirty UAs. But there was also testimony at the revocation hearing that Harris had been arrested and charged with rape in 11 CR 761. Because Harris was never in custody on case 09 CR 1400 between sentencing and revocation, he was credited for the original 5 days he had been in custody before sentencing.

In November 2012, Harris filed two motions for jail-time credit in which he claimed that he was owed 522 days of credit for time spent in custody. Harris also filed a motion to correct journal entry in which he claimed that he was owed an additional 100 days of jail credit. The State responded to this motion by noting that Harris had already been given 366 days of jail time credit for time spent incarcerated in case 11 CR 761.

The trial court denied Harris' motions in a journal entry filed in March 2013. The trial court verified the State's assertion that Harris did receive jail credit on his sentence in 11 CR 761 and was therefore not entitled to have that credit applied twice. There is nothing in the record on appeal to indicate that Harris ever appealed this decision.

Harris then filed a "Motion For Nunc Pro Tunc" on August 12, 2013, requesting that he be credited in 09 CR 1400 with 6 days, instead of 5 days, for the time he served before sentencing—September 11, 2009, to September 16, 2009. Moreover, Harris asked that his sentence begins date be June 29, 2011, rather than October 9, 2011.

2

The trial court again denied Harris' request by noting that Harris was given credit for jail time served in his sentence for case 11 CR 761.

*Was Harris Entitled to Have Jail-Time Credit Applied to This Case Instead of to a Second Conviction?*

On appeal, Harris clarifies that he is not asking for double jail-time credit. Rather, he asks that the 107 days of jail time be credited to this case, 09 CR 1400, rather than to case 11 CR 761. Harris believes that having the credit applied to his other case lengthened his term of confinement.

Before addressing the merits of this issue, this court must first decide whether it has jurisdiction to do so. The State notes that the trial court's March 2013 journal entry denied Harris' claim on this exact issue. Since Harris did not appeal from that decision, the State contends that this court lacks jurisdiction.

*Standard of Review*

This court exercises unlimited review in determining whether it has jurisdiction to consider the merits of an appeal. See *State v. Charles*, 298 Kan. 993, 1002, 318 P.3d 997 (2014).

*Analysis*

It is settled law that our appellate courts only have jurisdiction to consider appeals taken in the manner prescribed by statute because the right to appeal is purely statutory. *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343, *rev. denied* 297 Kan. 1251 (2013). Under K.S.A. 2014 Supp. 22-3608(c), a criminal defendant has 14 days from sentencing to file a notice of appeal. See *Wahl v. State*, 301 Kan. 610, 615, 344 P.3d 385

3

(2015) (noting 14-day period for appeal runs from sentencing date). If a notice of appeal is not filed within the statutory time period, the appeal must be dismissed for lack of jurisdiction. *State v. Hemphill*, 286 Kan. 583, 588, 186 P.3d 777 (2008).

This court has held that a trial court's determination of jail-time credit is part of imposing the sentence because the sentence start date depends upon the amount of time awarded. *State v. Muldrow*, No. 107,291, 2013 WL 1149704, at *2 (Kan. App.) (unpublished opinion) (quoting holding in *State v. Denney*, 278 Kan. 643, 648, 101 P.3d 1257 [2004], that under mandatory provisions of K.S.A. 21-4614 [now K.S.A. 2014 Supp. 21-6615(a)], a defendant who is sentenced to incarceration must be "'"given credit for all time spent in custody solely on the charge for which he is being sentenced."'"), *rev. denied* 297 Kan. 1253 (2013). Accordingly, this court has held that it lacks jurisdiction to consider a challenge to the amount of jail-time credit awarded after the time for direct appeal has run because "defendants can only appeal the jail-time credit . . . as a direct appeal of the sentence." *State v. Walker*, No. 109,309, 2014 WL 902153, at *1, 3-5 (Kan. App. 2014) (unpublished opinion), *rev. denied* __ Kan. __ (March 12, 2015); see also *Muldrow*, 2013 WL 1149704, at *2-3; *State v. Lakin*, No. 111,060, 2014 WL 5313708, at *2 (Kan. App. 2014) (unpublished opinion); *State v. Olson*, No. 102,226, 2010 WL 2978044, at *2-3 (Kan. App. 2010) (unpublished opinion).

Harris' appeal involves a sentence that was imposed upon revocation on October 14, 2011. Under K.S.A. 2014 Supp. 22-3608(c), he had 14 days from then to file a notice of appeal. He never did so. Harris' failure to appeal within 14 days of the revocation hearing divested this court of jurisdiction to consider this issue.

Dismissed for lack of jurisdiction.

4