No. 117,612[1]

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TIMOTHY LEE FLOYD,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

SYLLABUS BY THE COURT

1.

The right to file a K.S.A. 60-1507 motion may be waived.

2.

In this case where the prisoner has waived his right to collaterally challenge his convictions in exchange for a dismissal of additional charges and he does not challenge the validity of this waiver, we hold he has abandoned that issue.

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed May 4, 2018. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Jon S. Simpson*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., HILL, J., and WALKER, S.J.

---

[1] **REPORTER'S NOTE:** Previously filed as an unpublished opinion, the Supreme Court granted a motion to publish pursuant to Rule 7.04 (2018 Kan. S. Ct. R. 45). The published version was filed with the Clerk of the Appellate Courts on July 26, 2018.

HILL, J.: In this appeal of the district court's denial of habeas corpus relief, Timothy Lee Floyd tests his waiver of collateral review of his convictions that he made in his plea bargain with the State. We find his waiver explicit and enforceable. Therefore, we affirm the district court's denial of relief.

*Floyd Pled Guilty to 26 Counts of Exploitation of a Child*

Floyd agreed to plead guilty to 26 counts of exploitation of a child in exchange for the State dismissing two counts of rape of a child under the age of 14, two counts of aggravated indecent liberties with a child under the age of 14, and one count of possession of marijuana. As part of this plea, Floyd explicitly waived the right to a direct appeal and the right to collaterally attack his convictions through a motion for habeas corpus.

After questioning Floyd about his understanding of the charges, the pleas, the possible sentence he could receive, and the factual basis for the charges, the district court accepted Floyd's guilty pleas. The court then sentenced Floyd to concurrent life imprisonment sentences with the possibility of parole after 25 years, followed by lifetime postrelease supervision for each count.

Following an appeal in which Floyd challenged his sentence, he filed a pro se motion titled "Manifest Injustice Petition." In this motion he argued his convictions should be overturned because:
- He received ineffective assistance of counsel;
- the charges against him were multiplicitous; and
- the mandatory minimum sentence violated the prohibition against cruel and unusual punishment.

2

The district court construed Floyd's filing as a motion under K.S.A. 60-1507. In an amended motion, Floyd conceded that the second and third grounds for relief were not properly before the district court.

At that time, the district court summarily denied Floyd's motion, specifically finding that Floyd had waived his right to collateral challenges. Further, the district court found that Floyd had waived any argument that his waiver was not knowingly or voluntarily made by not raising that issue. Said another way, the court held that because the right to collaterally challenge the convictions had been waived, there were no grounds for relief.

*Floyd's waiver precludes relief.*

When we review a summary denial of a K.S.A. 60-1507 motion, it is a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

A knowing and voluntary waiver by the defendant of his or her statutory right to appeal is generally enforceable. *State v. Campbell*, 273 Kan. 414, 425, 44 P.3d 349 (2002). This principle has also been applied to waivers of the right to collaterally challenge a conviction. See, e.g., *Wahl v. State*, 301 Kan. 610, 614, 344 P.3d 385 (2015). In *Wahl*, the court recognized that the right to file a K.S.A. 60-1507 motion may be waived even though the specific waiver in *Wahl* did not preclude a challenge for ineffective assistance of counsel. 301 Kan. at 614.

Here, Floyd waived his right to collaterally challenge his convictions in exchange for a dismissal of additional charges. Unlike *Wahl*, there were no exceptions to Floyd's waiver. See 301 Kan. at 614. Further, Floyd does not challenge the validity of this

waiver; rather, he concedes that the waiver was valid. See *State v. Patton*, 287 Kan. 200, 226-29, 195 P.3d 753 (2008). By not raising a challenge to the validity of the waiver, Floyd has abandoned that issue. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016).

We conclude that Floyd validly waived his right to bring a collateral challenge under K.S.A. 60-1507. Because he waived this right, Floyd's motion states no grounds for relief, and the district court's summary denial of the motion was proper.

Affirmed.