NOT DESIGNATED FOR PUBLICATION

No. 118,040

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TYLER R. HALL,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed August 24, 2018. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and HILL, JJ.

PER CURIAM: Tyler R. Hall pled guilty to several crimes, including criminal discharge of a firearm at an unoccupied dwelling. Although Hall did not file a direct appeal, he eventually filed a K.S.A. 60-1507 motion after the one-year time limitation. The trial court dismissed Hall's motion as untimely. Hall then moved to reconsider the dismissal and he filed an amended K.S.A. 60-1507 motion. The trial court held a preliminary, nonevidentiary hearing to decide whether Hall had established manifest injustice excusing the untimeliness of his motion. The trial court concluded that Hall did

not establish manifest injustice and again denied the motion as untimely. On appeal, Hall argues that he established a colorable claim of actual innocence by claiming that he accidentally fired the gun at issue. Because Hall's argument is conclusory, we affirm the trial court's decision.

On January 31, 2011, Hall pled guilty to several crimes, including battery of a law enforcement officer and criminal discharge of a firearm at an unoccupied dwelling. Before accepting Hall's plea, the trial court required Hall to give a factual basis for each offense. As for the discharge of a firearm charge, Hall simply told the court that he "discharged a firearm at an unoccupied dwelling." Hall also acknowledged the address of the dwelling and that he did not have permission to fire the gun. Although the trial court did not read or explain the elements of any of the crimes Hall was pleading guilty to, it accepted Hall's guilty pleas. At sentencing, the trial court granted Hall a dispositional departure to probation with an underlying 92-month prison sentence. Hall did not directly appeal his conviction or sentence.

The trial court revoked Hall's probation on October 14, 2011. Hall appealed the revocation. This court affirmed Hall's probation revocation on August 9, 2013. Our Supreme Court denied review on February 13, 2014. See *State v. Hall*, No. 108,468, 2013 WL 4046464 (Kan. App. 2013) (unpublished opinion).

In May 2014, Hall filed a K.S.A. 60-1507 motion. Hall argued that he accidentally fired the gun. Hall was charged under K.S.A. 21-4219(a), which requires "malicious, intentional and unauthorized discharge of any firearm at an unoccupied dwelling." Hall also argued that his trial counsel was ineffective for failing to explain the intentional element of the charge against him. The trial court dismissed Hall's motion as untimely.

Hall moved for reconsideration of his K.S.A. 60-1507 motion on July 3, 2014. In it, Hall argued that his original K.S.A. 60-1507 motion was timely because it was filed

within one year of the final appellate court's decision regarding his probation revocation. Days later, Hall filed an amended K.S.A. 60-1507 motion and reasserted his original claims and cited additional authority.

The trial court did not respond to Hall's motion to reconsider until almost two years later when Hall requested documents concerning his pending case. Hall then moved for acquittal, after which, the trial court reinstated Hall's case and appointed counsel.

The State responded to Hall's motion to reconsider. The State argued that Hall failed to establish manifest injustice to warrant an extension of the time limitation under K.S.A. 60-1507(f)(2). The State also argued that the 2016 legislative changes made in K.S.A. 2016 Supp. 60-1507(f)(2)(A) required that Hall prove actual innocence by showing that no reasonable juror would have convicted Hall in light of new evidence. The State also contended that because Hall could not meet this burden, his claim was insufficient.

The trial court held a nonevidentiary hearing on February 22, 2017. The trial court adopted the arguments presented by the State in its response and found that Hall did not establish manifest injustice to allow review of his untimely K.S.A. 60-1507 motion.

On March 8, 2017, Hall filed a second motion to reconsider, restating his original claims. The trial court denied Hall's motion as repetitive.

Hall timely appealed from all the trial court's decisions rendered on February 22, 2017. Hall did not properly appeal from the trial court's decision regarding his second motion to reconsider.

*Did the Trial Court Err by Denying Hall's K.S.A. 60-1507 Motion?*

Hall argues that the trial court erred by summarily denying his untimely filed K.S.A. 60-1507 motion because he established a colorable claim of actual innocence. Hall further asserts that the trial court's holding should be reversed and remanded for an evidentiary hearing on his claim that his attorney was ineffective for failing to properly advise him of the required intent for the crime to which Hall pled guilty.

The State asserts that Hall's untimely motion was properly dismissed because Hall did not establish manifest injustice. The State argues that Hall's claim of innocence was insufficient because Hall simply argued that the discharge of the gun was accidental and that he told two of the State's witnesses that it was accidental. Hall did not identify the witnesses and presented only self-serving evidence, which the State suggests did not outweigh the evidence against him. The State also argues that if this court finds in favor of Hall, the case should be remanded for a preliminary, nonevidentiary hearing to consider whether an evidentiary hearing is warranted.

When a movant files a K.S.A. 60-1507 motion, a trial court may:

> "'(a) determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (b) determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held after appointment of counsel. If the court then determines there is no substantial issue, the court may deny the motion; or (c) determine from the motion, files, records, or preliminary hearing that there is a substantial issue requiring an evidentiary hearing. *Wahl v. State*, 301 Kan. 610, 617, 344 P.3d 385 (2015) (quoting *Sola-Morales v. State*, 300 Kan. 875, Syl. ¶ 1, 335 P.3d 1162 [2014]).'" *Hayes v. State*, 307 Kan. 9, 12, 404 P.3d 676 (2017).

4

When the trial court denies a K.S.A. 60-1507 motion based only on the motions, files, and records after a preliminary hearing, as occurred here, the appellate court is in just as good a position as the trial court to consider the merits. Thus, the standard of review is de novo. *Hayes*, 307 Kan. at 12.

A K.S.A. 60-1507 motion must be filed within one year of "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction"; or "the denial of a petition for writ of certiorari to the United States Supreme Court or issuance of such court's final order following granting such petition." K.S.A. 60-1507(f)(1). Courts may extend this time limitation "only to prevent a manifest injustice." K.S.A. 60-1507(f)(2).

Our Supreme Court has interpreted the phrase "manifest injustice" to mean "'obviously unfair' or 'shocking to the conscience.'" *State v. Kelly*, 291 Kan. 868, 873, 248 P.3d 1282 (2011). It is the movant's burden to establish manifest injustice by a preponderance of the evidence. Supreme Court Rule 183(g) (2018 Kan. S. Ct. R. 223).

Our Supreme Court expanded the definition of "manifest injustice" in *Vontress v. State*, 299 Kan. 607, 325 P.3d 1114 (2014). In that case, the court held that manifest injustice included situations in which a movant can show actual innocence. Our Supreme Court provided the following standard:

> "[C]ourts conducting a manifest injustice inquiry under K.S.A. 60-1507(f)(2) should consider a number of factors as a part of the totality of the circumstances analysis. This nonexhaustive list includes whether (1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.*, factual, not legal, innocence.

5

"All of the factors considered under the totality of the circumstances need not be given equal weight, and no single factor is dispositive. . . .

"So a movant's failure to address other reasons why imposition of the 1-year time limitation is a manifest injustice is not necessarily fatal to the movant's claim. But because the burden is on the movant in a 60-1507 action, failing to plead excuses for the filing delay may result in a greater risk that the movant's claim will be dismissed as untimely. [Citations omitted.]" 299 Kan. at 616-17.

After the *Vontress* decision, our Legislature amended K.S.A. 60-1507. L. 2016, ch. 58, § 2. The statute now requires that courts consider only (1) a movant's reasons for the failure to timely file the motion or (2) a movant's claim of actual innocence. Thus, "the Legislature did not adopt the second *Vontress* factor of whether there existed a 'substantial issue of law or fact,' nor did it incorporate *Vontress*' allowance for other, nonlisted factors." *White v. State*, 308 Kan. ___, 421 P.3d 718, 723 (2018).

In *White*, our Supreme Court ultimately held that the K.S.A. 60-1507 amendments did not apply retroactively. 421 P.3d at 727. Our Supreme Court emphasized that "movants had a vested right to argue the *Vontress* test, including the second factor and any other factor that might establish manifest injustice." 421 P.3d at 726.

In May 2014, Hall filed an untimely K.S.A. 60-1507 motion. After the trial court dismissed that motion, Hall moved for reconsideration of his K.S.A. 60-1507 motion on July 3, 2014. The trial court held a nonevidentiary hearing on February 22, 2017, from which Hall timely appealed.

Because Hall's motion was filed before July 1, 2016, the amendments to K.S.A. 60-1507 do not apply retroactively to his claim. See *White*, 421 P.3d at 727. Still, Hall's claim fails because he did not argue that the second *Vontress* factor applied to his case. Instead, Hall argued that he had a colorable claim of innocence. Nevertheless, Hall failed

6

to set forth a colorable claim of actual innocence, i.e., factual, not legal, innocence as required by *Vontress*, 299 Kan. at 616.

In his original motion, Hall stated that he would testify that the discharge of the gun was accidental. Hall also claimed that he told two of the State's witnesses that the discharge of the gun was accidental. In his amended K.S.A. 60-1507 motion, Hall argued that he would rely on the following to prove his claims: his trial counsel, the trial court judge, the discovery, the transcripts, the exhibits, and the witness statements from case Nos. 10 CR 2573 and 10 CR 3514. The record reflects that the State subpoenaed a sum of 10 witnesses in connection to case Nos. 10 CR 2573 and 10 CR 3514. Five of the State's subpoenaed witnesses were police officers. When referencing "two of the [S]tate's witnesses," Hall never specified exactly whom he was referring to. Without at least naming the witnesses or providing any additional evidentiary support, Hall failed to provide the trial court with an evidentiary basis for his claim. Hall's conclusory statement is insufficient to rise to the level of a colorable claim of actual innocence. See *Robinson v. State*, No. 115,555, 2017 WL 2494964, at *5-6 (Kan. App. 2017) (unpublished opinion) (finding movant's conclusory claim that he was not a participant in robbery insufficient to rise to the level of a colorable claim of actual innocence); *Aguilera v. State*, No. 112,929, 2016 WL 299078, at *3 (Kan. App. 2016) (unpublished opinion) (finding movant's claim that evidence against him at trial was "not completely convincing" was conclusory statement and insufficient to demonstrate a colorable claim of actual innocence), *rev. denied* 305 Kan. 1251 (2017); *State v. Olds*, No. 112,576, 2015 WL 6456511, at *3 (Kan. App. 2015) (unpublished opinion) (holding that without more than a conclusory statement, movant failed to establish a colorable claim of actual innocence), *rev. denied* 304 Kan. 1020 (2016).

Additionally, while Hall asserts that he fired the gun accidentally, he still implicitly concedes that he committed the act intentionally. First, he admits that he fired the gun. There is no dispute about this fact. Additionally, he pleaded guilty to firing the

7

gun at an unoccupied dwelling. Thus, he implicitly concedes that he pointed and fired the gun at the unoccupied dwelling, which was an intentional act. He presents no evidence that the gun was fired accidentally.

As a final point, Hall is also attempting to raise an argument that he should have raised in the form of a direct appeal. Supreme Court Rule 183(c)(3) (2018 Kan. S. Ct. R. 224) provides:

> "A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

Hall provides no exceptional circumstances and cannot now use a K.S.A. 60-1507 motion as a direct appeal absent evidentiary support for his claim of actual innocence. See *Kelly*, 291 Kan. 868, Syl. ¶¶ 1-2; *Robinson*, 2017 WL 2494964, at *5-6.

For these reasons, Hall has failed to show that it is more likely than not that based on his new assertion, no reasonable jury would have convicted him. Hall, therefore, failed to show manifest injustice or a colorable claim of actual innocence as required to excuse his failure to file his K.S.A. 60-1507 motion within the one-year time limitation. Moreover, Hall's claims are improperly raised for the first time in a K.S.A. 60-1507 motion.

Affirmed.