NOT DESIGNATED FOR PUBLICATION

No. 122,906

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

THOMAS EUGENE JENKINS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed July 16, 2021. Reversed and remanded with directions.

*Bach T. Hang*, of The Douglas Firm LLC, of Wichita, for appellant.

*Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., BRUNS, J., and STEVE LEBEN, Court of Appeals Judge Retired, assigned.

POWELL, J.:  Thomas Eugene Jenkins filed a motion pursuant to K.S.A. 60-1507 claiming, among other things, ineffective assistance of counsel. The district court summarily dismissed the motion as untimely and denied Jenkins' subsequent motion to reconsider. Jenkins now appeals, claiming the district court erred in dismissing his motion as untimely. After a review of the record, and assuming Jenkins' allegations are true, we cannot conclusively determine that Jenkins is not entitled to relief as his motion may be timely. Thus, we reverse and remand for further proceedings.

1

In 2011, a jury convicted Jenkins of a number of serious crimes, including felony murder. He was sentenced to life in prison plus 194 months. The Kansas Supreme Court affirmed his convictions and sentence. *State v. Jenkins*, 308 Kan. 545, 546, 422 P.3d 72 (2018). The mandate was issued on August 24, 2018.

On October 1, 2019, Jenkins filed a pro se motion pursuant to K.S.A. 2019 Supp. 60-1507, asserting six reasons why he was being held in custody unlawfully. Highly summarized, Jenkins claimed:  (1) trial and appellate counsel were ineffective and deprived him of his right to a fair trial and direct appeal; (2) prosecutorial error and newly discovered evidence that could not be obtained with due diligence would result in a different result at trial; (3) the district court erred in giving a jury instruction on first-degree murder because it contained a misstatement of the law; (4) the district court abused its discretion in allowing a juror to remain on the jury panel after discovering that juror had personal knowledge of a material fact concerning the case; (5) the district court erred in denying his motion to remove counsel for a conflict of interest; and (6) it was reversible error for the district court to consolidate the criminal threat, domestic battery, and criminal restraint charges with the first-degree felony murder, aggravated battery, and theft charges.

The State responded to Jenkins' motion by seeking its dismissal, arguing the motion was untimely as it had been filed 38 days after the one-year statutory deadline. See K.S.A. 2019 Supp. 60-1507(f)(1).

After review of the pleadings, the district court summarily dismissed Jenkins' 60-1507 motion as untimely pursuant to K.S.A. 2019 Supp. 60-1507(f)(3), finding Jenkins had filed his motion on October 1, 2019, more than one year after the Kansas Supreme Court issued its mandate. The district court noted the motion had been signed on July 20,

2

2019, but Jenkins had offered no explanation for the delay between the signing of his motion and its filing. It concluded that the one-year time limitation was exceeded and the dismissal of the motion would not equate with manifest injustice. The district court also held that Jenkins had not made a colorable claim of actual innocence as defined by K.S.A. 2019 Supp. 60-1507(f)(2)(A).

Jenkins subsequently asked the district court to reconsider, arguing his motion should be deemed timely filed under the prison mailbox rule and asserting a blanket claim of innocence. At the time, Jenkins was incarcerated at the El Dorado Correctional Facility. Jenkins claimed he signed his 60-1507 motion on July 20, 2019, sent it through the prison's mail system on July 29, 2019, and attached the required "Account Withdraw Request" for the required postage, with the intention of the motion being filed with the district court. On August 21, 2019, the motion was returned to Jenkins because there was no postage placed on the mailing. Upon receiving the returned motion, Jenkins decided to "make additions" to the original motion "since it was back in [his] possession." Because the original motion does not appear in the record on appeal, it is unknown what exact changes were made to the motion; Jenkins states that he "added to it and even added another [a]ffidavit." On September 30, 2019, Jenkins resubmitted the amended petition for mailing, and it was successfully mailed. Without making any findings, the district court summarily denied Jenkins' motion to reconsider.

Jenkins timely appeals the dismissal of his 60-1507 motion.

DID THE DISTRICT COURT ERR IN SUMMARILY DENYING
JENKINS' 60-1507 MOTION?

On appeal, Jenkins' principal argument is that the district court erred in summarily dismissing his K.S.A. 60-1507 motion because his ineffective assistance of counsel claims had merit that warranted an evidentiary hearing.

3

When the district court summarily dismisses a 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). "'A movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Curiously, Jenkins only mentions the district court's denial of his 60-1507 motion as untimely in passing in the argument portion of his brief. He asserts: "Mr. Jenkins should not have to bear the responsibility of making sure [the motion] was also filed with the district court in a timely manner, especially given his incarcerated status." But the timeliness of Jenkins' filing is the key issue because that is the reason the district court dismissed his motion. Thus, we turn to the question of whether Jenkins' 60-1507 motion was timely filed.

K.S.A. 2020 Supp. 60-1507(f)(1), as applicable here, provides:

> "(1) Any action under this section must be brought within one year of:
>
> (A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction."

The mandate from Jenkins' direct appeal was issued on August 24, 2018. Jenkins' 60-1507 motion was not filed until October 1, 2019, which was past the statutory deadline of August 24, 2019, suggesting Jenkins' motion was untimely. See K.S.A. 2020 Supp. 60-1507(f)(1)(A). However, the prison mailbox rule allows us to deem Jenkins' motion as timely given his incarceration status, provided he timely gave his motion to

prison authorities for mailing. "The prison mailbox rule deems a motion filed on the date a prisoner gives a document to authorities to mail, rather than on the date the clerk of [the] court stamps it as filed." *Rowell v. State*, 60 Kan. App. 2d ___, 2021 WL 2275266, at *5 (Kan. App. 2021). The State asks us not to apply the prison mailbox rule, arguing other panels of our court have only applied the rule to 60-1507 motions in unpublished opinions. But our Supreme Court applied the prison mailbox rule to a 60-1507 motion in *Wahl v. State*, 301 Kan. 610, 615, 344 P.3d 385 (2015), and we are duty bound to follow Kansas Supreme Court precedent unless there is some indication the court is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017).

Jenkins claims he submitted his original 60-1507 motion to prison authorities for mailing on July 29, 2019, which, according to the prison mailbox rule, is within the one-year time limit. If true, this would make Jenkins' original 60-1507 motion timely filed. Unfortunately, the original motion is not in the record. There is also another wrinkle as Jenkins did not simply attempt to refile his motion by again sending it through the prison mail system after it had been returned to him for postage being unattached. Instead, according to his own representations, Jenkins made changes to his original motion and then attempted to correctly mail it through the prison's mail system. Thus, it appears this amended or new 60-1507 motion is untimely because it was not submitted to prison officials until September 30, 2019, after the August 24, 2019 deadline. However, amendments to a party's pleading relate back to the date of the original pleading if the amendments arise out of the conduct, transaction, or occurrence set forth in the original pleading. K.S.A. 2020 Supp. 60-215(c); *Pabst v. State*, 287 Kan. 1, 23, 192 P.3d 630 (2008). But because we do not have Jenkins' original 60-1507 motion, we do not know if his amendments relate back to his original motion.

Considering this record, we must conclude the district court erred in summarily dismissing Jenkins' 60-1507 motion as untimely as the motion, files, and records of the case do not conclusively show that Jenkins is not entitled to relief. See K.S.A. 2020 Supp.

60-1507(b). Assuming Jenkins' allegations are true, his original 60-1507 motion was timely filed and Jenkins is entitled to have his motion considered on the merits. As to his amendments to the original motion, if they truly are amendments and not a new 60-1507 motion, they may be timely if they arise out of the same conduct, transaction, or occurrence as set forth in the original motion. Thus, we reverse the district court and remand the matter for further proceedings consistent with this opinion.

Reversed and remanded.