NOT DESIGNATED FOR PUBLICATION

No. 123,460

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WILLIE D. FLEMING,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed January 28, 2022.
Affirmed.

*Richard P. Klein*, of Lenexa, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., POWELL and ISHERWOOD, JJ.

PER CURIAM: Willie D. Fleming appeals the district court's summary denial of his K.S.A. 60-1507 motion. On appeal, Fleming argues that his trial counsel provided ineffective assistance of counsel by requesting an erroneous jury instruction—a claim he did not make in his motion in district court. For the reasons explained below, we affirm the district court's judgment.

1

In 2012, the State charged Fleming with aggravated burglary, aggravated robbery, and theft arising from his participation in a home invasion. The following relevant facts were established at Fleming's trial:

"One evening, Carrington Dean and Quintez Secka were startled awake by the sounds of intruders entering the home in which Secka lived and Dean was visiting. After entering the home, two of the intruders ran up the stairs and entered the room in which Dean was sleeping. Dean was able to see the men and described them as black men, one of whom had dreadlocks, while the other had short hair, wore a bandana around his face, and carried a gun. The men removed Dean from the bed, hit him in the head with a gun, and began asking him, 'Where's the money, where's the weed, where's the safe?' After several minutes of questioning, the man with the short hair gave his gun to the man with dreadlocks and left to conduct a search of the other bedrooms. While the man with the dreadlocks prevented Dean from leaving the room, he called out to his partner, identifying him by the name Willie.

"At some point, the man with dreadlocks who had remained with Dean determined Willie had left the house. He told Dean to stay put for 5 minutes, and then the man with dreadlocks ran out of the house. After waiting as instructed, Dean got up, realized that his cell phone had been taken, and ran out of the house to find someone with a phone so he could call the police. Dean found a woman outside of the house walking her dog; he borrowed her cell phone and called the police.

"Meanwhile, when Secka heard the intruders enter Dean's room and begin threatening Dean, he hid under his bed until he was certain the intruders were gone. Because he was under his bed, Secka could not see what the men looked like. He could tell, however, that the men were searching through his room and could hear them talking about taking various items.

"After the intruders left, Secka and Dean each noticed that they had property missing. Dean testified at trial that his wallet and cell phone had been taken from the night stand next to his bed. Secka testified that a number of items were missing from his room including some clothing, his keys, and a purse that belonged to his girlfriend. Additionally, Secka's roommate, Jamal Davis, testified that when he came home from

2

work after the burglary, he was missing a television, laptop computer, watch, shoes, and jewelry.

"Police eventually identified Fleming and several others as the individuals involved in the burglary. Fleming was arrested and charged with aggravated robbery for taking a cell phone and wallet from the person or presence of Dean, aggravated burglary, and the theft of a television, PlayStation, laptop computer, and watches from Davis." *State v. Fleming*, No. 112,549, 2016 WL 3960159, at *2-4 (Kan. App. 2016) (unpublished opinion).

The jury found Fleming guilty of aggravated robbery and aggravated burglary, but not guilty of theft. The district court sentenced him to 248 months' imprisonment. On direct appeal, Fleming asserted that the district court erred in instructing the jury on aggravated robbery by saying that the State had to prove Fleming "took property from the person or presence of" Dean without specifying that the State had alleged the stolen property was a cell phone and a wallet. 2016 WL 3960159, at *4-5. This court found that Fleming had invited any error by requesting the jury instruction at trial, so it did not address the merits of the claim. 2016 WL 3960159, at *3.

The Kansas Supreme Court granted review. After a thorough review of the invited error doctrine, our Supreme Court agreed with this court that invited error precluded the court from reviewing Fleming's claim of jury instruction error. *State v. Fleming*, 308 Kan. 689, 707, 423 P.3d 506 (2018). That said, the court acknowledged that "there is a possibility that defense counsel's actions here resulted from inadvertence rather than trial strategy. . . . If counsel's error resulted from inadvertence, Fleming may pursue relief through a K.S.A. 60-1507 action." 308 Kan. at 707.

Fleming then filed a K.S.A. 60-1507 motion which is the subject of this appeal. He moved the district court to vacate his conviction and sentence on several grounds, including ineffective assistance of counsel. In his pro se motion, Fleming argued that he had received ineffective assistance of counsel because his attorney should have moved to

dismiss or vacate the judgment because of the State's defective complaint, not because of the jury instruction. Important to this claim, Fleming said he was "prejudiced by the complaint stating that he had taken a cellphone and walet [*sic*] from Dean Carrington [*sic*], because this complaint written this way gave the jury the impression that he had the wallet and cellphone on him when he was arrested."

In a nine-page written order, the district court thoroughly addressed each of Fleming's claims in his motion. The district court found that the record conclusively showed that Fleming had no right to relief and denied the motion without a hearing. More specifically, the district court found that "[t]he complaint under which [Fleming] was tried sets forth all the elements of the crime of aggravated robbery" and was not defective. Fleming timely appealed the district court's ruling.

ANALYSIS

On appeal, Fleming claims his trial counsel was ineffective for requesting an erroneous jury instruction. More specifically, Fleming resurrects the argument he made in his direct appeal about the alleged instructional error, arguing that his counsel was ineffective for requesting the standard pattern instruction (PIK) for aggravated robbery instead of requesting an instruction that specified that Fleming took Dean's cell phone and wallet. He argues that the overly broad jury instruction prejudiced his right to a fair trial. Fleming had raised other grounds for relief in his K.S.A. 60-1507 motion that he does not address on appeal. Issues not briefed are deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018).

The State argues that this court should not consider Fleming's claim because he did not make it in district court, so the claim is not preserved for appeal. Even so, if this court reviews the merits of Fleming's claim, the State argues the jury instruction was legally appropriate and Fleming suffered no prejudice.

4

The district court summarily denied Fleming's K.S.A. 60-1507 motion. The parties agree that when reviewing the summary denial of a K.S.A. 60-1507 motion, the appellate court exercises unlimited review. *Wahl v. State*, 301 Kan. 610, 614, 344 P.3d 385 (2015).

We must first address the State's asserted preservation problem. Issues not raised before the district court cannot be raised on appeal. *Gannon v. State*, 303 Kan. 682, 733, 368 P.3d 1024 (2016). There are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including the following:  (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the district court was right for the wrong reason. *State v. Johnson*, 309 Kan. 992, 995, 331 P.3d 1036 (2019). Supreme Court Rule 6.02(a)(5) (2021 Kan. S. Ct. R. 36) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. *Johnson*, 309 Kan. at 995.

Fleming claims on appeal that his trial counsel was ineffective for requesting an erroneous jury instruction. Fleming argues this issue is properly before this court because he either preserved it or, in the alternative, a preservation exception applies. Both of his arguments fail because Fleming did not preserve the issue, nor does he meet his burden of proving an exception applies.

Fleming "believes" he raised this jury instruction argument in his K.S.A. 60-1507 motion and, therefore, properly preserved the issue. He states:  "This issue is directly related to and intrinsically intertwined" with the issues he specifically alleged in the motion about the sufficiency of the complaint. The State contends that Fleming never asked the district court to address whether Fleming "was prejudiced by an aggravated robbery instruction that was broader than the complaint." Thus, the State argues that the issue is not properly before this court. We agree with the State.

5

Fleming's K.S.A. 60-1507 motion raised a claim of ineffective assistance of counsel related to the sufficiency of his charging document. In his pro se motion, Fleming asserted that his "[t]rial counsel was ineffective because counsel did not file a motion to dismiss[] or to vacate the judgement [*sic*] alleging a defective complaint." On appeal, Fleming asserts a new claim of ineffective assistance of counsel; one that was not raised before the district court in his K.S.A. 60-1507 motion. He argues that "[t]rial counsel was ineffective for requesting an erroneous jury instruction." Because this issue is different from the one raised before the district court, it is not properly preserved.

Fleming asserts that if he did not properly preserve the issue, then this court can still address his claim for the first time on appeal under a preservation exception. Fleming first argues that his newly asserted claim involves only a question of law arising from admitted facts. But later in his brief, Fleming contradicts this argument by asserting the district court erred in summarily denying his K.S.A. 60-1507 motion because there were substantial issues of fact. Fleming's claim that his trial counsel was ineffective for requesting an erroneous jury instruction would require an investigation into counsel's trial strategy. Such a claim involves questions of fact and cannot be decided by a court as a matter of law. Thus, this exception to the preservation requirement does not apply.

Next, Fleming argues that we should address his claim for the first time on appeal to prevent the denial of his fundamental rights. Fleming's entire argument on this point is that "the right to a fair trial and the right for a jury to deliberate on the charges that were filed in a case are fundamental rights." Fleming's assertion is too broad and does not say how his rights to a fair trial or for a jury to deliberate were denied. We find that applying this exception in Fleming's case would swallow the general rule that issues not raised before the district court cannot be raised on appeal. We also observe that the decision to review an unpreserved claim under an exception is a prudential one. Even if an exception would support a decision to review a new claim, an appellate court does not have to do so. *State v. Gray*, 311 Kan. 164, Syl. ¶ 1, 459 P.3d 165 (2020). Thus, we conclude that

6

Fleming has failed to meet his burden under Supreme Court Rule 6.02(a)(5) of explaining why we should consider his new claim for the first time on appeal.

In sum, Fleming did not preserve his claim that his trial counsel was ineffective for requesting an erroneous jury instruction because this claim was not included in his K.S.A. 60-1507 motion filed with the district court. Nor does Fleming meet his burden of proving an exception applies. Fleming has abandoned the claim he made in district court that his trial counsel was ineffective for failing to object to the State's defective complaint. As a result, we cannot grant Fleming any relief in this appeal.

Affirmed.